UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ, | No. 2:21-cv-02094-AC |
| Plaintiff, | |
| v. | ORDER |
| CDC DIRECTOR, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
2 § 1915(b)(2).

3     II.    <u>Statutory Screening of Prisoner Complaints</u>

4     The court is required to screen complaints brought by prisoners seeking relief against "a
5 governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).
6 The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
7 "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
8 monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

9     A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
10 <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
12 theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,
13 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as</u>
14 <u>stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a
15 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
16 <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

17     "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
18 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
19 what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550
20 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
21 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
22 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>,
23 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure
24 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
25 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
26 speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain
27 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
28 ////

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

While an inmate at High Desert State Prison, plaintiff was denied his breakfast and lunch trays by defendant Barrier between March 3, 2021 and March 17, 2021 because plaintiff had filed an inmate grievance against him. This resulted in a lack of proper nutrition for plaintiff and mental anguish. Defendant Barrier also challenged plaintiff to a fight on March 10, 2021, but plaintiff walked away. On a different date, plaintiff got into a verbal argument with defendant Barrier over his Muslim prayer rug which was hanging in his cell to dry. Defendant Barrier would not let plaintiff wash his hands before moving his prayer rug in contravention of plaintiff's religious beliefs. Instead, defendant Barrier cursed at plaintiff and issued him a rules violation. Plaintiff names a supervisory lieutenant, the prison warden, and the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") as additional defendants. By way of relief, plaintiff seeks compensatory damages and retraining for all staff named in the complaint.

### IV. Legal Standards

#### A. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability,

1  each Government official, his or her title notwithstanding is only liable for his or her own
2  misconduct."). When the named defendant holds a supervisory position, the causal link between
3  the defendant and the claimed constitutional violation must be specifically alleged; that is, a
4  plaintiff must allege some facts indicating that the defendant either personally participated in or
5  directed the alleged deprivation of constitutional rights or knew of the violations and failed to act
6  to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d
7  1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

   B. Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")

   RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means.'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (internal quotations and citations omitted). The plaintiff bears the initial burden of demonstrating that an institution's actions have placed a substantial burden on plaintiff's free exercise of religion. To state a cognizable claim under RLUIPA, plaintiff must specify how the defendant denied him access to religious services. In this regard, plaintiff must link any RLUIPA claim to the defendant's specific conduct. Plaintiff is advised that monetary damages are not available under RLUIPA against state officials sued in their individual capacities. See Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable."). RLUIPA only authorizes suits against a person in his or her official or governmental capacity. See Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014).

   C. First Amendment Free Exercise Clause

   "The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security. We determine whether these competing interests are balanced properly by applying a reasonableness test: When a prison regulation impinges on inmates' constitutional rights, the regulation is valid

if it is reasonably related to legitimate penological interests." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (citations and internal quotation marks omitted); see also Shakur v. Schriro, 514 F.3d 878, 889 (9th Cir. 2008) ("Once the plaintiff establishes that the challenged state action substantially burdens his religious exercise, the government bears the burden of establishing that the regulation serves a compelling government interest and is the least restrictive means of achieving that interest.").

"A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion. A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (citations, internal quotation marks, and alterations omitted).

D. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

E. Eleventh Amendment Bar

In his complaint plaintiff has named the California Department of Corrections and Rehabilitation as one of the defendants. However, the Eleventh Amendment serves as a

jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the CDCR are barred by the Eleventh Amendment.

V.      Claims for Which a Response Will Be Required

The complaint adequately alleges an Eighth Amendment challenge to plaintiff's conditions of confinement against defendant Barrier for depriving him of adequate nutrition. Therefore, plaintiff may proceed immediately on this claim against defendant Barrier.

VI.     Failure to State a Claim

Although plaintiff's allegations that Barrier deprived him of meals support an Eighth Amendment claim, he does not allege that these actions chilled the exercise of his First Amendment rights. Accordingly, plaintiff does not adequately plead a separate First Amendment retaliation claim against defendant Barrier.

Nor does plaintiff state a valid claim against defendants Perry and Crother based on their supervisory capacity alone. In order to state a claim, plaintiff must sufficiently link each named defendant to an asserted violation of his constitutional rights. The Eleventh Amendment bars suit against the CDCR, who is also a named defendant in this action.

In this case, plaintiff's First Amendment Free Exercise claim challenges the action of an individual correctional officer on one occasion rather than a specific CDCR policy that burdens his religion. The complaint does not explain how defendant Barrier's interference with plaintiff's religious hand washing on a single occasion substantially burdened his religious beliefs. Absent an allegation that plaintiff's religion was burdened without a legitimate penological interest, the complaint fails to state a First Amendment Free Exercise claim. See Jones, 791 F.3d at 1032 (affirming summary judgment in favor of prison official on Free Exercise claim based on serving a Muslim inmate a tamale pie on one occasion without notifying him of its pork contents). Plaintiff will be provided an opportunity to amend this claim if he wishes in order to provide additional information that would show a substantial burden on his ability to practice his religion.

For all these reasons, the court finds that the complaint does not state cognizable claims under the First Amendment or against defendants Perry, Crother, and the CDCR.

VII.    Leave to Amend

Plaintiff may be able to allege facts to remedy the failure to state a claim and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendant Barrier on his Eighth Amendment claim challenging the conditions of his confinement, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claim against defendant Barrier without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the First Amendment claims as well as the claims against defendants Perry, Crother, and the CDCR.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

7

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VIII. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not.  You have a choice to make.  You may either (1) proceed immediately on your Eighth Amendment conditions of confinement claim against defendant Barrier and voluntarily dismiss the other claims, or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your First Amendment claims as well as defendants Perry, Crother, and the CDCR.

If you choose to file an amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

////

////

3.  Plaintiff's First Amendment retaliation and Free Exercise claims as well as the claims against defendants Perry, Crother, and the CDCR do not state claims for which relief can be granted.

4.  Plaintiff has the option to proceed immediately on the Eighth Amendment conditions of confinement claim against defendant Barrier, or to amend the complaint.

5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened in this order and will recommend dismissal without prejudice of defendants Perry, Crother, and the CDCR as well as the First Amendment retaliation and Free Exercise claims.

DATED: December 20, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>CDC DIRECTOR, et al.,<br><br>          Defendants. | No. 2:21-cv-02094-AC<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant Barrier challenging his conditions of confinement.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his First Amendment claims as well as defendants Perry, Crother, and the CDCR pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to amend the complaint.

DATED:_____

                                                              _____
                                                              Daniel Lopez
                                                              Plaintiff pro se

1