UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>CDC DIRECTOR,<br><br>  Defendants. | No. 2:21-cv-02094-DAD-AC (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REOPENING THIS CASE<br><br>(Doc. No. 14) |

Plaintiff Daniel Lopez is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On March 22, 2024, the court dismissed and closed this action due to plaintiff's failure to prosecute. (Doc. No. 12.) That same day, judgment was entered. (Doc. No. 13.) On April 15, 2024, plaintiff filed the pending motion for reconsideration of the March 22, 2024 order dismissing this action and closing this case. (Doc. No. 14.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

1

1  Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual
2  circumstances, unless the district court is presented with newly discovered evidence, committed
3  clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
4  raise arguments or present evidence for the first time when they could reasonably have been
5  raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571
6  F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

7      In his pending motion, plaintiff indicates that he did not receive the court's most recent
8  orders due to his prison transfers, which delayed his legal mail. (Doc. No. 14.) In addition,
9  plaintiff has now updated his address with the court. (*Id.*) In liberally construing his motion, the
10 court concludes that plaintiff presents newly discovered evidence suggesting that this matter
11 should not have been dismissed in that plaintiff did not intentionally fail to prosecute this action
12 or comply with the court's orders. Furthermore, the court finds that, after a *de novo* review of this
13 case, plaintiff should be provided the opportunity to amend his complaint.

14     Accordingly,

15     1. Plaintiff's motion for reconsideration (Doc. No. 14) is granted.

16     2. The final order and judgment entered on March 22, 2024 (Doc. Nos. 12, 13) are
17         hereby vacated;

18     3. The Clerk of Court is directed to reopen this case and to send plaintiff a one-time
19         courtesy copy of the docket in this matter;

20     4. This case is referred back to the magistrate judge to reset plaintiff's deadline for
21         filing an amended complaint; and

22     5. Plaintiff is cautioned, however, that he is under a continuing duty to promptly
23         update his address with the court as required by Local Rule 182(f).

24     IT IS SO ORDERED.

25 Dated:  **April 24, 2024**
26                                    DALE A. DROZD
27                                    UNITED STATES DISTRICT JUDGE
28