UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>CDC DIRECTOR, et al.,<br><br>        Defendants. | No. 2:21-cv-2094 DAD AC P<br><br><br><br>ORDER |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), and that motion was previously granted. See ECF No. 6. The court screened the original complaint and found that plaintiff had stated an Eighth Amendment claim against defendant Barrier challenging his conditions of confinement, but plaintiff did not state any First Amendment claims against defendant Barrier or any claims against defendants Perry, Crother, or the CDCR. ECF No. 6 at 6-7. Plaintiff was given the option of amending the complaint or proceeding immediately on his cognizable Eighth Amendment claim against defendant Barrier. Id. at 7-9. Plaintiff chose to amend the complaint. ECF No. 9. Pending before the court are plaintiff's first amended complaint ("FAC"), notice of retaliation, and motion to appoint counsel. ECF Nos. 23, 28.

////

1

I.      Statutory Screening of Prisoner Complaints

      A. Legal Standard

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

      B. Factual Allegations of the First Amended Complaint

The FAC alleges that defendants Barrier, Crother, Perry, Volkov, and the CDC director violated plaintiff's rights under the First and Eighth Amendment to the United States Constitution. ECF No. 23. Specifically, plaintiff alleges that defendant Barrier violated his rights (1) when, after plaintiff filed a grievance against Barrier, Barrier denied plaintiff his breakfast

2

trays and damaged plaintiff's lunch trays making them inedible between March 3, 2021, and March 17, 2021, and (2) when Barrier challenged plaintiff to a fight on March 10, 2021. Id. at 2-3.

Plaintiff alleges that Crother violated his constitutional rights because Crother had the authority to stop Barrier but did nothing, not even investigate plaintiff's grievances against Barrier regarding food deprivation and a challenge to fight him. Id. at 5-6. Plaintiff alleges that Crother reviewed his grievance and that when Crother interviewed plaintiff about his grievances, Crother spoke to him in a sarcastic and belittling tone as if he did not believe plaintiff and as if it seemed impossible to Crother that a correctional officer could do what plaintiff claimed Barrier did. Id.

Plaintiff also alleges that on April 28, 2021, he reported defendant Barrier's behavior to defendant Volkov and she refused to report the abuse and intervene as she was required to do as a psychologist. Id. at 8-9. Volkov told plaintiff, "You are not going to bind me into some legal action." Id. at 9. Plaintiff claims that defendant Volkov's supervisor also told him "sorry Lopez we can't help you. You'll have to take it up with the officers." Id. According to plaintiff, Volkov and her supervisor "had a moral and sworn obligation to notify and intervene once an inmate expresses danger, harm, harassment, abuse of any sort whether from the hands of other inmates or authority figures." Id. at 10.

Plaintiff claims that defendants Perry also violated his rights because Perry was aware of what Barrier, Crother, and Volkov were doing. Id. at 11. Plaintiff's family members had filed two complaints on the High Desert State Prison ("HDSP") website and left several messages for Perry, and plaintiff had complained to the Ombudsman Scott Jacobs about what was going on and when Jacobs came to the prison to speak to plaintiff, Jacobs assured plaintiff he had already spoken to the warden about why he was there to speak to plaintiff. Id. at 11-12. The CDC director is also named because plaintiff claims he had to be aware of his subordinates' violations based on plaintiff's grievances, interviews with Crother, Volkov, and Volkov's supervisor, letters to the warden and associate director, the messages to the prison warden, and the investigation by Ombudsman Jacobs. Id. at 12-13.

1    Plaintiff seeks monetary relief in the amount of $500,000, or a minimum of $300,000. Id.
2 at 14.

### C. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid claim for relief pursuant to the Eighth Amendment against defendant Barrier for depriving plaintiff of adequate nutrition.

### D. Failure to State a Claim

The allegations in the amended complaint are not sufficient to state any claim for relief against defendants Crother, Volkov, Perry, or the CDC director. Although plaintiff's allegations that Barrier deprived him of meals supports an Eighth Amendment claim, he does not adequately plead a separate First Amendment retaliation claim against defendant Barrier because he does not allege that these actions chilled the exercise of plaintiff's First Amendment rights in any way. Additionally, to the extent plaintiff attempted to allege an Eighth Amendment violation by defendant Barrier for threatening him with physical harm by challenging him to a fight, such threat is insufficient to establish a constitutional claim.

Plaintiff also fails to state a valid claim against Crother. Other than holding a supervisory position and reviewing plaintiff's grievance against Barrier, plaintiff has not alleged any facts that Crother caused, participated in, or knew of Barrier's or any other staff members' violations and failed to act to prevent them. Additionally, plaintiff has not alleged that Crother learned about Barrier's violations while the violations were ongoing and failed to stop them. Moreover, even if plaintiff had alleged that he told Crother about Barrier's violations while they were ongoing, plaintiff alleges that Crother did not believe him, so at most plaintiff would have alleged Crother acted negligently.

To the extent plaintiff attempted to state an Eighth Amendment constitutional claim against defendant Volkov, he fails to do so. Plaintiff does not allege that he had a serious medical need for treatment and Volkov failed to treat him, that Volkov knew about defendant Barrier's deprivations while they were ongoing and failed to intervene, or that Volkov's conduct caused plaintiff any harm. Instead, plaintiff alleges that after plaintiff told Volkov about defendant

4

Barrier's violations, Volkov failed to report it. But plaintiff does not have a constitutional right to a specific grievance process, nor has he alleged that psychologist have a federal statutory or constitutional obligation to report abuse or harm disclosed by inmate patients.

Plaintiff also fails to state valid claims against Perry or the CDC director based on their supervisory capacities. Plaintiff has not sufficiently linked Perry or the CDC director to any asserted violation of his constitutional rights. The FAC does not allege when Perry and/or the CDC director learned about defendant Barrier's alleged violations. This is significant because if Perry and the CDC director learned about defendant Barrier's violations after the fact, then they could not have acted with deliberate indifference by failing to stop Barrier's conduct. Alternatively, if they learned about defendant Barrier's violations while they were ongoing, then their choice not to intervene could establish deliberate indifference.

Moreover, plaintiff fails to allege that the CDC director, by virtue of their role, would automatically be informed about a grievance, call, letter, message or complaint from a prisoner or their family members made to the warden or filed through any grievance process, or an ombudsman investigation, or how plaintiff knows this to be the case. Lastly, to the extent plaintiff seeks monetary damages against the CDC director in his official capacity, such claim is barred by the Eleventh Amendment.

It appears to the court that plaintiff may be able to allege facts to fix some of these problems. Therefore, plaintiff has the option of filing an amended complaint.

### E. Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within twenty-one days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant Barrier on the Eighth Amendment claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss the First Amendment retaliation claims against defendant Barrier and all claims against defendants Crother, Volkov, Perry, and the CDC director. The court**

////

1 **will proceed to immediately serve the complaint and order a response from defendant**
2 **Barrier.**
3   **The second option available to plaintiff is to file a second amended complaint to fix**
4 **the problems described in Section I.D. against defendants Crother, Volkov, Perry, and the**
5 **CDC director.  If plaintiff chooses this option, the court will set a deadline in a subsequent**
6 **order to give plaintiff time to file an amended complaint.**
7   To decide whether to amend your complaint, the court has attached the relevant legal
8 standards that may govern your claims for relief.  See Attachment A.
9   II. Notice Regarding Retaliation by Officers
10   Recently, plaintiff filed a notice of retaliation by officers, in which he informs the court of
11 a recent assault against him by unnamed officers and requests the court send an investigator.
12 Although the court is troubled by the allegations, plaintiff is advised that the court does not have
13 authority to investigate these allegations on plaintiff's behalf.  To the extent these claims are
14 related to the present action, plaintiff can amend the complaint to include those allegations.
15 **However, plaintiff is advised that unrelated claims against different defendants must be**
16 **pursued in separate lawsuits.**  See Attachment A (legal standard for joinder of claims).
17   III. Motion To Appoint Counsel
18   Plaintiff requests that the court appoint counsel because he is "having a hard time
19 understanding the court terminology and don't know how to move forward with my case and
20 filing the court orders paperwork that is asked of me."  ECF No. 28 at 2-3.  Plaintiff also states
21 that he wants "the courts and judge to know this is any easy claim. Everything I claimed to have
22 happened is all on video."  Id. at 3.
23   District courts lack authority to require counsel to represent indigent prisoners in section
24 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional
25 circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28
26 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
27 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional
28 circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. As screened, twice, this case is a straightforward Eighth Amendment claim to inadequate nutrition against a single defendant. Accordingly, appointment of counsel is denied at this time.

IV.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated an Eighth Amendment conditions of confinement claim against defendant Barrier for denying you adequate food. You have not stated a First Amendment claim against defendant Barrier or any claims against defendants Crother, Volkov, Perry, and the CDC director.

You have a choice to make. You may either (1) proceed immediately on your Eighth Amendment claim against defendant Barrier and voluntarily dismiss the other claims; or, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

Because the court cannot require appointment of counsel in this case and your case, at this time, appears to be a single claim against a single defendant, the court is denying your request for an attorney.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 28) is DENIED.

////

2. Plaintiff's claims against defendants Crother, Volkov, Perry, and the CDC director do not state claims for which relief can be granted. Plaintiff also fails to state a First Amendment retaliation claim against defendant Barrier.

3. Plaintiff has the option to proceed immediately on his Eighth Amendment conditions of confinement claim against defendant Barrier as set forth in Section I.C. above, or to file an amended complaint.

4. **Within twenty-one days from the date of this order**, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

5. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of plaintiff's First Amendment retaliation claim against defendant Barrier and all claims against defendants Crother, Volkov, Perry, and the CDC director.

DATED: April 1, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ,<br><br>      Plaintiff,<br><br>   v.<br><br>CDC DIRECTOR, et al.,<br><br>      Defendants. | No.  2:21-cv-2094 DAD AC P<br><br><br>NOTICE OF ELECTION |

     Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment conditions of confinement claim against defendant Barrier without amending the complaint.  Plaintiff understands that by choosing this option, the remaining First Amendment claim against defendant Barrier and all other claims against defendants Crother, Volkov, Perry, and the CDC director will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____

                                              Daniel Lopez
                                              Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

    A. Personal Involvement and Supervisory Liability

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)

1

(citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit . . . the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### B. Eleventh Amendment Bar

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief." See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010); Fireman's Fund Ins. Co., v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) ("The Eleventh Amendment bars suits which seeks either damages or injunctive relief against a state, 'an arm of the state', its instrumentalities, or its agencies."). Moreover, "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990) (citation omitted); Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989) (states and their agencies may not be sued for depriving civil rights under § 1983 because only "'persons' may be sued for depriving civil rights under § 1983, and states are not 'persons' within the meaning of § 1983.").

Claims for damages against state officials acting in their official capacity are barred by sovereign immunity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "no different

2

from a suit against the State itself." Will, 491 U.S. at 71 (citations omitted). The Eleventh Amendment, however, does not bar suits seeking damages against state officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Nor does it bar suits seeking only prospective declaratory or injunctive relief against state officers sued in their official capacities. See Will, 491 U.S. at 71 (state officials sued in their official capacity for prospective relief are "person[s]" within the meaning of § 1983").

### C. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).

### D. Eighth Amendment Conditions of Confinement

For a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). To be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 744 F.3d at 1082 (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.

E. Eighth Amendment Medical Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F.3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

////

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

F.   Eight Amendment - Verbal Threats

"A mere threat may not state a cause of action" under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam); see also Corales v. Bennett, 567 F.3d 554, 564-65 (9th Cir. 2009).

G.   Grievances

The First Amendment protects an inmate's right to litigate and to file grievances. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). However, the existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals

because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

### H.  Joinder of Claims

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.