UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDC DIRECTOR, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-2094 DAD AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel, seeks relief pursuant to 42 U.S.C. § 1983. Upon screening the first amended complaint ("FAC"), the court gave plaintiff the choice between proceeding on the complaint as screened or filing an amended complaint. ECF No. 29. Plaintiff chose to amend the complaint (ECF No. 30) and has now filed a second amended complaint ("SAC") (ECF No. 32).

I.　Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II.   Factual Allegations of the Second Amended Complaint

The SAC alleges that defendants Barrier and Crother violated plaintiff's constitutional rights. ECF No. 33. Specifically, plaintiff alleges that defendant Barrier deprived plaintiff of his breakfasts and lunches from March 3, 2021, through March 17, 2021. Id. at 3. The first time that plaintiff confronted Barrier about this deprivation, Barrier responded, "I don't like you, eat shit or get the fuck out of my building, i told you to remove the rug from your funk the other day and you didn't listen, now eat shit." Id. at 4. The second time, Barrier told plaintiff to "get the fuck out of [his] face" and challenged plaintiff to a fight. Id. at 4-5.

Sometime between March 12 and 14, plaintiff complained about Barrier's actions to Crother. Id. at 5. Crother told plaintiff to "take that up with your building officer's sir i can't help you." Id. On March 17, 2021, Barrier approached plaintiff's cell and threatened to "fuck him up" and told him "it's best for [you] to get out of the building." Id.

Plaintiff alleges that defendants' actions caused him to feel lightheaded and dizzy, to

urinate on himself multiple times, and caused mental trauma, emotional distress, weight loss, and humiliation. Id. at 4-5. Both defendants are sued in their individual and official capacities. Id. at 5-6. By way of relief, plaintiff seeks $100,000 in compensatory damages and $50,000 in punitive damages. Id. at 7.

### III. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a cognizable claim for relief under the Eighth Amendment against Barrier for depriving plaintiff of adequate nutrition.

### IV. Failure to State a Claim

#### A. Sovereign Immunity

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief." See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010). Claims for damages against state officials acting in their official capacity are barred by sovereign immunity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted). The Eleventh Amendment, however, does not bar suits seeking damages against state officials in their *individual* capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Nor does it bar suits seeking only prospective declaratory or injunctive relief against state officers sued in their *official* capacities. Will, 491 U.S. at 71.

Here, because plaintiff seeks damages, his claims against defendants Barrier and Crother in their official capacities are barred.

#### B. First Amendment[1]

To the extent plaintiff seeks to assert a First Amendment claim against defendant Barrier, such claim fails because he has not alleged that Barrier took an adverse action against him for

---

[1] Although plaintiff does not expressly state he is alleging a First Amendment retaliation claim, the court nonetheless addresses a potential First Amendment claim because the SAC alleges facts regarding retaliation.

3

engaging in protected conduct, nor has he alleged that Barrier's conduct chilled plaintiff's exercise of his First Amendment rights in anyway. See Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (citations omitted).

### C. Eighth Amendment

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met." Id. at 834.

"First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). To be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 732. Rather, "extreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). "More modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing." Johnson, 217 F.3d at 732.

Second, the prison official must subjectively have a "sufficiently culpable state of mind," "one of 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834 (citations omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. He

4

1 must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at
2 847. Mere negligence on the part of the prison official is not sufficient to establish liability. Id.
3 at 835.

4 As noted in the court's prior screening order, to the extent plaintiff attempts to state an
5 Eighth Amendment claim against Barrier for threatening him with physical harm, such threat is
6 insufficient to establish a constitutional violation. See ECF No. 29 at 4; Gaut v. Sunn, 810 F.2d
7 923, 925 (9th Cir. 1987) (per curiam) ("A mere threat may not state a cause of action" under the
8 Eighth Amendment."); see also Corales v. Bennett, 567 F.3d 554, 564-65 (9th Cir. 2009). Also,
9 despite clarifying a deficiency in the FAC with respect to an Eighth Amendment claim against
10 Crother, the SAC still falls to state a claim against him. Even though plaintiff alleges he told
11 Crother about Barrier's deprivation of food while it was ongoing, he also alleges that Crother did
12 not do anything to stop Barrier's conduct because Crother believed he could not help plaintiff,
13 and that plaintiff needed to take his complaint to the building officer. At most, plaintiff has
14 alleged negligence, which is insufficient for an Eighth Amendment claim against defendant
15 Crother.

16        D. No Leave to Amend

17 Leave to amend should be granted if it appears possible that the defects in the complaint
18 could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31
19 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint
20 cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United
21 States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

22 The undersigned finds, as set forth above, that portions of the complaint fail to state a
23 claim upon which relief may be granted. Plaintiff has already been given two opportunities to
24 amend the complaint and advised what kind of information he needed to provide. However, the
25 allegations of the SAC do not overcome the defects identified in the FAC. The SAC does not
26 allege any new facts regarding Barrier's retaliation. The SAC also continues to fail to allege
27 anything more than negligence against Crother. Given the minimal facts provided in each
28 amended complaint, it does not appear that further amendment would result in a cognizable claim

5

against Crother. Accordingly, the undersigned recommends dismissal of the non-cognizable claims without further leave to amend.

V. Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the second amended complaint state claims against the defendants and some do not. You have stated Eighth Amendment claims against defendant Barrier in his individual capacity. You have not stated any other claims against defendant Barrier or any claims against defendant Crother.

You were previously advised that you did not state a First Amendment claim against Barrier because you had not alleged that his actions chilled your exercise of your First Amendment rights, and that you had not stated an Eighth Amendment claim based on defendant Barrier's verbal threats because threats alone are insufficient to state an Eighth Amendment claim. ECF No. 29 at 4. You were also advised that you did not state an Eighth Amendment claim against defendant Crother because (1) you had not alleged that defendant Crother caused, participated, or knew of Barrier's or any other staff members' violations and failed to prevent them, and (2) even if you had alleged that Crother was aware of defendant Barrier's violations while they were ongoing, your allegations that Crother did not believe you at most alleged negligence. Id. Your SAC does not allege any further facts in support of a retaliation claim, and although your SAC now alleges that you told defendant Crother about defendant Barrier's violations while they were *ongoing*, your allegations that he told you he could not help you and that you needed to take your complaints to a different official continue to, at most, allege negligence.

Since you cannot overcome the Eleventh Amendment bar, verbal threats are insufficient to state an Eighth Amendment claim, and it does not appear additional facts could resolve the issue with your other claims, it is being recommended that your official capacity claims against Barrier and Crother, your Eighth Amendment claim against Barrier based on verbal threats, your First Amendment claim against Barrier, and your Eighth Amendment claim against Crother be dismissed without leave to amend.

////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  The complaint states a cognizable Eighth Amendment claim against defendant Barrier.
3    Service is appropriate for this defendant.

4    2.  E-Service on defendant Barrier will be directed by separate order.  Plaintiff should not
5    complete service paperwork for these defendants unless ordered to do so by the court.

6    IT IS FURTHER RECOMMENDED that the official capacity claims against defendants
7    Barrier and Crother, the Eighth Amendment claim against defendant Barrier based on verbal
8    threats, the First Amendment claim against defendant Barrier, and the Eighth Amendment claim
9    against Crother be dismissed without leave to amend.

10   These findings and recommendations are submitted to the United States District Judge
11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
12   after being served with these findings and recommendations, plaintiff may file written objections
13   with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings
14   and Recommendations."  Plaintiff is advised that failure to file objections within the specified
15   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
16   (9th Cir. 1991).

17   DATED: July 14, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7